# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1131V
Filed: September 14, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| TERESA BRAY, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | * Attorney Fees and Costs |
| SECRETARY OF HEALTH AND | * Special Processing Unit ("SPU") |
| HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Jerome Konkel, Samster, Konkel & Safran, S.C., Milwaukee, WI, for petitioner.*
*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEY FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On November 20, 2014, Teresa Bray filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleged that she experienced Guillain-Barre Syndrome ("GBS") caused-in-fact by her September 27, 2013 influenza vaccination. On May 22, 2015, a decision was issued awarding compensation to petitioner based on the parties' stipulation.

On August 11, 2015, petitioner's counsel filed a motion for attorney's fees and costs. *See* Motion, 8/11/2015, (ECF No. 24). Petitioner's counsel requested fees in the amount of $9,579.60 and costs in the amount of $1,390.83, for a total requested award

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

of $10,970.43.  *Id*. at 1.  Response to the motion was due by no later than August 28, 2015, and respondent has filed no opposition.[3]

In accordance with General Order #9, petitioner's counsel's motion included an affidavit by petitioner indicating that she has not expended any sum for fees or other costs.  *See* ECF No. 24, Pet Ex. C.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e).  I find the proposed amount to be reasonable.

**Accordingly, I award the total of $10,970.43[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Jerome A. Konkel.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/ Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Additionally, the staff attorney managing this case sent an e-mail to the parties on August 11, 2015, inquiring whether the parties conferred regarding the amount of fees requested and whether respondent intended to oppose the application.  Respondent offered no objection to the requested fees at that time.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  *See* Vaccine Rule 11(a).